UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**VICKI L. OSGOOD**, an individual, on behalf of herself and those similarly situated,

                Plaintiff,

vs.

**DELTA OUTSOURCE GROUP, INC.**, a Missouri corporation,

                Defendant.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

      Plaintiff, VICKI L. OSGOOD (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, DELTA OUTSOURCE GROUP, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

    1.    PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. DEFENDANT intentionally and systematically sends collection letters to consumers that falsely represent the name of the original creditor.

## JURISDICTION AND VENUE

    2.    The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

    3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

///

1

## PARTIES

4. PLAINTIFF is a natural person residing in Rochester, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is incorporated in Missouri, the principal purpose of whose business is the collection of debts, with a principal place of business at 62 N. Central Dr., O'Fallon, MO, 63366.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In mid-December 2015, DEFENDANT called PLAINTIFF's place of employment and had a telephone conversation with PLAINTIFF.

11. Thereafter, PLAINTIFF did not receive any written notices from DEFENDANT.

12. On or about January 13, 2016, counsel for PLAINTIFF called DEFENDANT to request verification of the debt and to request that DEFENDANT refrain from calling PLAINTIFF at her place of employment.

13. On or about January 13, 2016, DEFENDANT sent a form collection letter to PLAINTIFF's counsel in an attempt to collect a consumer debt, attached hereto as **Exhibit 1**.

14. Under the heading of "Original Creditor," DEFENDANT wrote: "Providian Bank / Velocity Investments." See Ex. 1.

15. The original creditor of the subject account was Providian Bank.

## CLASS ACTION ALLEGATIONS

16. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

17. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

   a. A nationwide class consisting of consumers who:

      i. Within one year prior to the filing of this action;

      ii. Received a collection letter from DEFENDANT;

      iii. Which failed to conform to 15 U.S.C. § 1692e(10) in that it incorrectly listed two entities under the heading of "Original Creditor."

18. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. Because the letter is a form letter, PLAINTIFF believes that the class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

19. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANT's letter violates 15 U.S.C. § 1692e(10) by listing two entities under the heading of "Original Creditor";

    b. The identities of individuals who received a substantially similar collection letter from DEFENDANT which violated the above subsection; and

    c. The total number of collection letters that DEFENDANT mailed to consumers which violated the above subsection.

20. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

21. Upon information and belief, DEFENDANT has a practice and policy of intentionally sending collection letters that falsely represent the name of the original creditor.

22. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

23. PLAINTIFF is committed to vigorously pursuing her claims.

24. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

25. A class action regarding the issues in this case does not create any problems of manageability.

26. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692e(10)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF THE CLASS**

27. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28. A debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

29. On or about January 13, 2016, DEFENDANT sent a form collection letter to PLAINTIFF's counsel in an attempt to collect a consumer debt. See Ex. 1.

30. Under the heading of "Original Creditor," DEFENDANT wrote: "Providian Bank / Velocity Investments." See Ex. 1.

31. The original creditor of the subject account was Providian Bank.

32. Upon information and belief, Velocity Investments, LLC, a New Jersey LLC, is a debt purchasing entity and purchased the underlying debt from Providian Bank.

33. DEFENDANT falsely represented that Velocity Investments, LLC was the original creditor.

34. Therefore, DEFENDANT violated 15 U.S.C. § 1692e(10).

35. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

36. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a)
### BROUGHT BY PLAINTIFF INDIVIDUALLY

37. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38. Within five days after its initial communication with a consumer, a debt collector must send a written notice to the consumer containing:

> 1. the amount of the debt;
>
> 2. the name of the creditor to whom the debt is owed;
>
> 3. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> 4. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

39. In mid-December, 2015, DEFENDANT called PLAINTIFF's place of employment and had a telephone conversation with PLAINTIFF.

40. This was the initial communication between DEFENDANT and PLAINTIFF.

41. Thereafter, PLAINTIFF did not receive the written notice from DEFENDANT as is required by 15 U.S.C. § 1692g(a).

42. Therefore, DEFENDANT violated 15 U.S.C. § 1692g(a).

43. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

44. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

45. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For disgorgement of all of DEFENDANT's revenues obtained through use of the letter at issue;

(5)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7)     For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
       February 5, 2016

                        Respectfully Submitted,

                        **GESUND & PAILET, LLC**

                        /s/ Alexander J. Douglas

                        ALEXANDER J. DOUGLAS
                        New York Bar No. 5343892
                        **GESUND & PAILET, LLC**
                        11 Alger Dr.
                        Rochester, NY  14624
                        Tel: (585) 703-9783
                        Fax: (702) 851-2189
                        alex@gp-nola.com
                        *Attorney for Plaintiff*